# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
# 𝔉𝔬𝔯 𝔱𝔥𝔢 𝔖𝔬𝔲𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞
# 𝔅𝔯𝔲𝔫𝔰𝔴𝔦𝔠𝔨 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

| | | |
|---|---|---|
| TODD WILLIAM HORTON, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:22-cv-21 |
| v. | * | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration | * | |
| Defendant. | * | |

**ORDER**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated August 4, 2023. Dkt. No. 21. In the Report, the Magistrate Judge recommended the Court affirm the Commissioner of Social Security's decision. Dkt. No. 20. Specifically, the Magistrate Judge concluded: (1) the Administrative Law Judge ("ALJ") was not required to further develop the record to make a residual functional capacity ("RFC") determination; (2) the ALJ appropriately relied on the vocational expert's ("VE") testimony; and (3) the ALJ's subjective symptom evaluation is supported by substantial evidence. Id. Plaintiff objects to each of the Magistrate Judge's three conclusions. Dkt. No. 21.

## I. The ALJ Was Not Required to Further Develop the Record

Plaintiff objects to the Magistrate Judge's finding the ALJ was not required to further develop the record before making an RFC determination. Dkt. No. 21 at 5. The Magistrate Judge determined the ALJ was not required to order a consultative examination because there was not a conflict or ambiguity in the record that would require such an exam. Dkt. No. 20 at 9. Plaintiff argues the Magistrate Judge is incorrect because the record of Plaintiff's ophthalmological exam is complex.

Plaintiff's argument is not convincing. As the Magistrate Judge explained, courts sometimes remand ALJ decisions to obtain medical interpretations in cases where claimants have multiple disabling conditions or extensive medical records. Id. In his Objections, Plaintiff details the results of his one-page eye exam record and corresponding prescription in an effort to show the complexity of his condition. Dkt. No. 21 at 4-5. Plaintiff explains he could not complete exams and tests with his left eye and was given a "balance" prescription, indicating blindness in one eye. Id. However, the ALJ used this medical record in combination with two state agency medical consultations to determine Plaintiff's left eye condition warranted limitations. R. at 14-15. This was sufficient. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1270 (11th Cir. 2007) (citing Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001) ("The

2

administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.")). Ultimately, the record contained sufficient evidence for the ALJ to make an informed decision without obtaining a consultative exam and, therefore, the Court **OVERRULES** this Objection.

## II. There Was No Apparent Conflict Between the VE's Testimony and the DOT

Plaintiff argues the Magistrate Judge erred by finding no apparent conflict between the testimony the VE provided and the DOT. Dkt. No. 21 at 5-6. The VE testified someone with Plaintiff's depth-perception limitations could perform the jobs of cleaner II, counter supply worker, or laundry aide. Dkt. No. 20 at 11. The DOT specifically states no depth perception is required for these jobs. Id. at 13. The Magistrate Judge found "no conflict" between the VE testimony and the DOT job description because of the DOT's express exclusion of a depth-perception requirement. Id. at 13-14. However, the Magistrate Judge also addressed Plaintiff's argument the DOT "appears flawed" because there is a "logical inconsistency" between the requirement for reaching and handling in these jobs and the exclusion of a depth-perception requirement. Id. at 14-15.

3

Ultimately, the Magistrate Judge determined there is no apparent conflict because any conflict would require an unsupported inference that a reaching and handling requirement conflicts with a depth-perception limitation. Id. at 16.

Plaintiff's Objection is unpersuasive. Plaintiff does not address the Magistrate Judge's conclusion there is no conflict or tension between the VE's testimony and the DOT, based on its plain language. In fact, Plaintiff concedes, "The conflict between the reaching and optical limitations is not instantly apparent, but it is not elusive, either." Dkt. No. 21 at 6.

"A conflict is apparent if it is 'apparent to an ALJ who has ready access to and a close familiarity with the DOT.' If the 'conflict is reasonably ascertainable or evident,' the ALJ must identify it." Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1321 (11th Cir. 2021) (quoting Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1366 (11th Cir. 2018)). Plaintiff fails to identify any authority that supports there was an apparent conflict between the VE's testimony and the relevant DOT job description in this case. Accordingly, the Court **OVERRULES** this Objection.

### III. The ALJ's Subjective Symptom Evaluation is Supported by Substantial Evidence

Plaintiff objects to the Magistrate Judge's conclusion the ALJ's subjective symptom evaluation is supported by substantial

4

evidence. Dkt. No. 21 at 1-4. Plaintiff argues the ALJ failed to identify any inconsistencies between Plaintiff's subjective symptom testimony and the record evidence. Id. at 2. Plaintiff also argues the Magistrate Judge erred by finding the ALJ's subjective symptom analysis relied on state agency medical consultations. Id. at 2-3.

In his Report, the Magistrate Judge explained "the ALJ concluded the medical evidence did not fully support Plaintiff's testimony" about his symptoms. Dkt. No. 20 at 18. The Magistrate Judge summarized Plaintiff's subjective symptom testimony about his worsening vision, headaches, and struggles with hand-eye coordination and depth perception. Id. at 18-19. In his decision, the ALJ concluded Plaintiff's testimony was inconsistent with the medical evidence because the medical evidence did not support Plaintiff's testimony "about the intensity, persistence, and limiting effect of his symptoms." Id. at 19 (quoting R. at 14). The medical evidence the ALJ cited, according to the Magistrate Judge, was an eye examination and records from a state agency opinion. Id.

Plaintiff's Objection is unpersuasive. Plaintiff testified about many other symptoms beyond only impaired vision, including difficulties with hand-eye coordination, headaches, feet, energy level, difficulty with steps, and trouble sitting. R. at 14. As the Magistrate Judge noted, the ALJ credited Plaintiff's

5

testimony about his vision and determined Plaintiff had severe vision impairment. Dkt. No. 20 at 20. Therefore, the ALJ found some support in the record for at least some of Plaintiff's symptoms.

As to the intensity, persistence, and limiting effects of all of Plaintiff's symptoms, the ALJ found them unsupported by the evidence. Plaintiff's testimony is inconsistent with the evidence, not because the evidence affirmatively contradicts the testimony, but because the evidence does not support the testimony. It is ultimately Plaintiff's responsibility to produce evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

Plaintiff contends the Magistrate Judge erred in finding the ALJ relied on state agency medical consultations in the subjective symptom evaluation. Dkt. No. 21 at 2-3. Plaintiff argues the state agency records have "no bearing on the efficacy of Plaintiff's subjective complaints." Id. at 2. Plaintiff also argues the state agency records are not part of the ALJ's subjective symptom evaluation because the ALJ discusses the state agency records on the page following the subjective symptom evaluation in his decision. Id.

Plaintiff's argument is unconvincing. In the ALJ's decision, the analysis of Plaintiff's testimony is within the paragraph immediately preceding the ALJ's discussion of the

6

state agency records. R. at 14-15. The ALJ plainly considered the state agency records and those records were relevant to the ALJ's subjective symptom analysis. There is no indication the ALJ considered the state agency records for some other purpose. Plaintiff fails to show the ALJ's subjective symptom evaluation was not supported by substantial evidence. Accordingly, the Court **OVERRULES** this Objection.

## CONCLUSION

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **AFFIRMS** the decision of the Commissioner and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 23 day of August, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA